JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-904 JGB (DTBx)** | Date | May 6, 2016 |
| Title | ***DLI Properties, LLC v. James M Ball et al.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order REMANDING the Action to California Superior Court for the County of Riverside (IN CHAMBERS)

On January 15, 2016, Plaintiff DLI Properties, LLC, filed a complaint for unlawful detainer against Defendants James Ball, Herminia Ball (collectively, "Defendants"), and fictitious Defendants 1 through 5. (Complaint, Doc. No. 1-1 at 10.) Defendants removed the action to this Court on May 4, 2016. (Notice of Removal, Doc. No. 1.)

### I.   LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II.   DISCUSSION

The Notice of Removal contends that federal question jurisdiction in this case exists because portions of the California Civil Code violate the Equal Protection Clause of the United States Constitution.  (Notice of Removal at 2-3.)

In order for removal to be proper on the basis of federal question jurisdiction, Defendants must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006)).  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

On the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action.  (See Complaint.)  "[A]n unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law."  Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117 at *3 (N.D. Cal. June 6, 2011) (citing Wescom Credit Union v. Dudley, No. 10-8203, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)).  Whatever federal questions Defendants might raise in defense to the unlawful detainer action are insufficient to confer removal jurisdiction over it.  See, e.g., U.S. Bank, N.A. v. Barcenas, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a federal question does not present itself."); Aurora Loan Servs. v. Orozco, 2012 U.S. Dist. LEXIS 172200, at *3–4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction").

Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law.  Rather, Plaintiff is entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit was served on Defendants as required by California Code of Civil Procedure § 1161a.  Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977).  Accordingly, due to the absence of a federal claim or substantial question of federal law, Defendants have not shown that the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331.

## III.   CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court.  See In re Ford Motor Co./Citibank (South Dakota),

Page 2 of 3                        CIVIL MINUTES—GENERAL                        Initials of Deputy Clerk MG

<u>N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

For the foregoing reasons, the Court REMANDS this action to California Superior Court for the County of Riverside.

**IT IS SO ORDERED.**